IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| KYLE MCLEMORE | : | NO. 23-393 |

MEMORANDUM

Bartle, J.                                                April 22, 2024

Defendant Kyle Mclemore has been charged in a
superseding indictment with conspiracy (18 U.S.C. § 371), with
willfully engaging in the business of dealing in firearms
without a license (18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D), and
2), and with being a felon in possession of a firearm (18 U.S.C.
§ 922(g)(1)).  The conspiracy and dealing in firearms are
alleged to have occurred from in or around November 2020 through
in or around March 2021.  The crimes involved the straw purchase
of firearms in South Carolina and their transport to
Philadelphia for sale.  Mclemore, whose criminal activity
allegedly occurred in Philadelphia, has now moved to suppress
"the fruit" of the November 9, 2021 search of his cell phone.

Richard Dalley, a special agent of the Bureau of
Alcohol, Tobacco, and Firearms, submitted an affidavit in
support of the application for a search warrant to Magistrate

Judge David R. Strawbridge on November 9, 2021.  Judge
Strawbridge found that the affidavit of Agent Dalley established
probable cause to search the cell phone of defendant, which was
already in the custody of the FBI in Philadelphia, for
electronically stored information related to the first two of
the above charges.  Defendant now asserts that Agent Dalley's
affidavit contained insufficient facts to establish probable
cause, was based on materially false and misleading information,
and omitted exculpatory information.  In the alternative,
defendant seeks a hearing pursuant to Franks v. Delaware, 438
U.S. 154 (1978).

The defendant focuses on ¶¶ 29 and 31-36 of the Dalley
affidavit which he asserts fails to establish probable cause:

> 29. . . . I know based on information
> learned in this investigation that the
> locations that DARBY has been visiting are
> not his home, nor do they appear to be
> locations for running standard errands
> (e.g., grocery stores or car mechanics).
> DARBY has been visiting locations that,
> based on my training and experience, may be
> gun and drug stash houses or locations where
> guns or drugs may be exchanged or sold . . .
>
> 31. While [Mclemore] was being surveilled,
> DARBY also frequented the area of 317 North
> 40th Street, Philadelphia, Pennsylvania.  On
> multiple occasions, DARBY either went to
> that area before, after, or before and after
> visiting the above-referenced house in
> Galloway, New Jersey.

32. On Wednesday, September 29, 2021, Kyle MCLEMORE was observed as he exited that residence and entered a silver Land Rover Discovery bearing Pennsylvania registration LRE-6813 ("the Land Rover") which was parked on the east side of the street.  The vehicle was found to be registered to MCLEMORE.  MCLEMORE then exited the vehicle and used a key to enter 317 North 40th Street again.

33. Payment records for DARBY's Cash App mobile banking account shows that DARBY is continuing to receive and send payments of hundreds or thousands of dollars to and from some of the same individuals that he received and sent payments to within days after receiving the firearms from WEST and providing her with drugs to transport back to South Carolina, including MCLEMORE. Historical cell-site records indicate that WEST was in Philadelphia on or about January 9, 2021, January 10, 2021, January 13, 2021, January 18, 2021, January 27, 2021, February 11, 2021, and February 12, 2021.  Around these same dates, DARBY received large transfers of cash, including a $2,500 payment from "Greg Wallace" to DARBY on January 30, 2021 with a description of "wholesale cosmetics order", a $2,000 payment from "Kyle Mclemore" to DARBY on February 8, 2021 with a description of "payment for services rendered."  Recent transaction records on Cash App show that DARBY is continuing to receive money from or pay money to these individuals.  For instance, as recently as on October 2, 2021, "Greg Wallace" paid $1,000 to DARBY via Cash App, on September 28, 2021, DARBY paid $320 to "Kyle Mclemore" for "event space," and on August 6, 2021, "Kyle Mclemore" paid DARBY $705 for "services rendered."  Based on the investigation to date, there is no evidence that DARBY is employed by or otherwise performing work for individuals named Kyle MCLEMORE or Greg Wallace.

34. In total, between November 11, 2020 (the month where WEST and BROWNLEE purchased a collective 27 firearms) and September 28, 2021, there were at least 11 Cash App transactions between DARBY and MCLEMORE. DARBY paid MCLEMORE a total of $2,145 and MCLEMORE paid DARBY a total of $5,745 (for a total of $7,890 exchanged between the two individuals).

35. On October 19, 2021, the Honda was observed as it parked on the street in front of the Pennsylvania State Parole Board building located at 334 East Chelton Avenue, Philadelphia, Pennsylvania. The vehicle was operated by DARBY and MCLEMORE occupied the vehicle's front passenger seat. Agents observed MCLEMORE enter the Parole Board building alone. On the same date, a Parole Agent advised that MCLEMORE attended a scheduled meeting with his parole case agent and that during the meeting MCLEMORE provided an updated home address of 317 North 40th Street, Philadelphia, Pennsylvania, and an updated cellular phone number of (267) 902-4462 (the "4462 Telephone").

36. Between October 9, 2021 and November 5, 2021, the 4462 Telephone has been in contact with the 9263 Telephone and the 5593 Telephone (both belonging to DARBY) at least 20 times.

To search a particular place, the Government must present sufficient information to establish probable cause that the evidence of criminal activity will be found there. United States v. Alexander, 54 F.4th 162, 171 (3d Cir. 2022). The Supreme Court has stated that a "[M]agistrate's determination of probable cause should be paid great deference by reviewing courts." Illinois v. Gates, 462 U.S. 213, 236 (1983) (internal

quotations omitted).  It has noted that affidavits are prepared
by non-lawyers and that probable cause is a practical, non-
technical conception.  Id. at 237.  There is no technical test
for deciding probable cause.  The magistrate judge is simply
tasked with making "a practical, common-sense decision whether,
given all the circumstances set forth in the affidavit before
him . . . there is a fair probability that . . . evidence of a
crime will be found in a particular place."  Id. at 238.  There
are no bright-line rules.  Instead, probable cause is an inquiry
"not readily or even usefully, reduced to a neat set of legal
rules."  Id. at 232.

The District Court's role is limited to "a deferential
review of the initial probable cause determination made by the
magistrate [judge]."  United States v. Stearn, 597 F.3d 540, 554
(3d Cir. 2010).  It must simply decide whether "the magistrate
[judge] had a substantial basis for concluding that probable
cause existed."  Id.  (quoting Gates, 462 U.S. at 238).

The affidavit of Agent Dalley is replete with
information that Terrance Darby was involved in illegal
trafficking in guns and drugs.  The affidavit describes the
surveillance of Darby at various locations in Philadelphia and
New Jersey from which Agent Dalley inferred, based on his
training and experience, that these locations may serve as gun
and drug stash houses where guns and drugs may be stored or

-5-

hidden.  The affidavit further explains how Darby on multiple occasions visited 317 N. 40th Street in Philadelphia where Mclemore resided.  These visits occurred before and after short, furtive visits to a house in Galloway, New Jersey, which was not Darby's residence.  Between November 11, 2020 and September 28, 2021, there were at least 11 Cash App transactions between Darby and Mclemore.  In total, Darby paid Mclemore $2,145 and Mclemore paid Darby $5,745.  On October 19, 2021, Darby drove Mclemore to the Pennsylvania state Parole Board Building in Philadelphia where Mclemore was seen entering the building.  There was also information in the affidavit that between October 9, 2021 and November 5, 2021, there were at least 20 contacts between a telephone belonging to Mclemore and a telephone belonging to Darby.

The defendant argues that the affidavit is deficient because it omitted the facts that 317 N. 40th Street is an apartment building and that Darby also maintained an apartment there.  According to defendant, "had the affidavit identified the omitted facts, those facts would have provided an alternative explanation as to why Darby visited 317 North 40th Street – not because he was visiting Mclemore, but because he maintained an apartment there."

First, there is no supporting evidence in the record of these asserted facts.  The affidavit, it must be noted,

states that Darby's residence is 1379 Kimberly Drive in Philadelphia.

In any event, circumstantial evidence by definition allows for the making of reasonable inferences.  Darby's visits to 317 N. 40th Street where Mclemore lived, together with other information in the affidavit, easily leads to the reasonable inference that Mclemore was a conspirator with Darby in illegally trafficking in guns.  The court must give deference to the magistrate judge's finding of probable cause.  The omitted facts, even if true, do not materially change the picture so as to negate the magistrate judge's approval of the search warrant.

Defendant maintains that by not including the omitted facts, the agent was either attempting to mislead the magistrate judge or was acting in reckless disregard for the truth.  There is no basis for these assertions and the court rejects them.

Defendant also asserts that the agent failed to include the exculpatory facts that two of the three Cash App transactions between Mclemore and Darby occurred six months after the last straw purchase by Charlena West in South Carolina and that twenty phone calls between Mclemore and Darby happened ten months after West's final straw purchase.  Defendant maintains that the time gap between West's last purchase and the Cash App transactions and the phone calls indicate that these events had nothing to do with the purchase and sale of firearms.

-7-

According to the Dalley affidavit, co-conspirator Ontavious Plumer had directed West and another individual to purchase firearms in South Carolina between November 2020 and February 2021.  West transported these firearms to Darby in Philadelphia.  Plumer and Darby remained in regular contact as of November 2021.  There was further information in the affidavit that Darby continued to be trafficking in firearms as of November 2021.  The time gap, which was disclosed in the affidavit, does not undermine the finding of probable cause by the magistrate judge.

Even if the Dalley affidavit does not establish probable cause, the evidence seized from Mclemore's phone will not be suppressed.  Under United States v. Leon, 468 U.S. 897, 900, 924 (1984), evidence will not be barred if the agent in good faith, based on objective reasonableness, relied on the validity of the search warrant approved by the magistrate judge even though the warrant was unsupported by probable cause or was otherwise defective.  The agent here executed the warrant and otherwise acted reasonably and in good faith.

Finally, defendant seeks a hearing pursuant to Franks, 438 U.S. at 155-56.  The Supreme Court held:

> Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant

-8-

> affidavit, and if the allegedly false
> statement is necessary to the finding of
> probable cause, the Fourth Amendment
> requires that a hearing be held at the
> defendant's request.

Id.

The defendant has not made the threshold substantial preliminary showing that the agent in his affidavit made a false statement, either knowingly, intentionally, or recklessly. Accordingly, the motion of defendant for a Franks hearing will be denied.

Magistrate Judge Strawbridge had a substantial basis for concluding that probable cause existed to search Mclemore's cell phone for evidence of criminal activity.  Nothing omitted from the Dalley affidavit was material.  The motion of Mclemore to suppress the evidence obtained from the search of his cell phone on November 9, 2021 will be denied.